IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Criminal Action Nos. 02-cr-00034-WDM-1
03-cr-00506-WDM-1
03-cr-00507-WDM-1
03-cr-00529-WDM-1
04-cr-00046-WDM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEVEN MARK HOLLEY,

    Defendant.

---

ORDER DENYING FED. R. CIV. PROC. RULE 60(B)(4) MOTION

---

Defendant Steven Mark Holly submitted to and filed with the Court *pro se* on October 20, 2006, a motion challenging the judgment entered in this action as void pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. He contends that the Court was without authority to hear this case. He seeks to vacate his conviction and sentence for lack of jurisdiction.

The Court must construe the Fed. R. Civ. P. 60(b)(4) motion liberally because Mr. Holley is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Fed. R. Civ. P. 60(b)(4) motion will be denied.

On February 13, 2004, Mr. Holley pleaded guilty to bank robbery charges. On June 1, 2004, he was sentenced to 188 months in prison and to three years of supervised release. The judgment of conviction was entered on the docket on June 10, 2004.

Mr. Holley did not appeal from the judgment of conviction. Thus, his conviction became final on June 24, 2004, ten business days after the date of entry of judgment. See Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); Fed. R. App. P. 4(b)(6) ("A judgment or order is entered . . . when it is entered on the criminal docket"); Fed. R. App. P. 26(a)(2) ("Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days."). Since his conviction became final, Mr. Holley has not filed a federal habeas corpus motion pursuant to 28 U.S.C. § 2255. On October 20, 2006, he filed his motion titled "Holley Challenges the Judgment as *Void* Under Fed. R. Civ. Proc. Rule 60(b)(4)."

It is readily apparent that Mr. Holley is proceeding under the wrong rule and that Fed. R. Civ. P. 60(b) is not available to obtain the relief he seeks. Rule 1 of the Federal Rules of Civil Procedure unambiguously provides that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature." The judgment that Mr. Holley contests was entered, not in a civil case, but in a criminal case. Fed. R. Civ. P. 60(b) simply does not provide for relief from judgment in a criminal case. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

The proper method for Mr. Holley to challenge his conviction and sentence is to file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). However, because of the sharp limitations on second or successive motions, courts are reluctant to recharacterize a *pro se* prisoner's postconviction motion as a § 2255 motion without first advising the prisoner of the potential effect. See *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000); *see also United States v. Miller*, 197 F.3d 644, 651-52 (3rd Cir. 1999); *Adams v. United States*, 155 F.3d 582, 583-84 & n.2 (2d Cir. 1998). In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court held that a district court "cannot . . . recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Id.* at 377 (emphasis in original).

The Court will refrain from giving Mr. Holley an opportunity to withdraw, or to amend, the Fed. R. Civ. P. 60(b)(4) motion because the one-year limitation period, as calculated from the date on which Mr. Holley's conviction became final, June 24, 2004, effectively bars the claims Mr. Holley may have asserted in an initial 28 U.S.C. § 2255 motion. Accordingly, it is

3

ORDERED that the motion titled "Holley Challenges the Judgment as *Void* Under Fed. R. Civ. Proc. Rule 60(b)(4)" that Defendant Steven Mark Holley submitted to and filed with the Court *pro se* on October 20, 2006, is denied.

DATED at Denver, Colorado, this 16th day of January, 2007.

BY THE COURT:

WALKER D. MILLER
United States District Judge